The undersigned respectfully dissents from the Opinion and Award finding that plaintiff's bilateral carpal tunnel syndrome was caused by his employment.
Plaintiff bears the burden of proving each element of compensability in order to prove the existence of an occupational disease under N.C. Gen. Stat. § 97-53(13). This requires plaintiff to show that (1) the disease must be characteristic of a trade or occupation; (2) the disease must not be an ordinary disease of life to which the public is equally exposed outside of the employment; and (3) there must be proof of causation. Hansel v. Sherman Textiles, 304 N.C. 44, 283 S.E.2d 101
(1981). A disease is "characteristic" of the profession when there is a recognizable link between the nature of the job and an increased risk of contracting the disease in question. Booker v. Medical Center,297 N.C. 458, 256 S.E.2d 189 (1979). "Peculiar to the occupation" as used in subdivision (13) of N.C. Gen. Stat. § 97-53, means that the conditions of the employment must result in a hazard that distinguishes it in character from the general run of occupations and is in excess of that employment in general. Keller v. City of Wilmington Police Dept.,65 N.C. App. 675, 309 S.E.2d 543 (1983).
In this case, plaintiff has failed to meet his burden in proving the elements necessary to establish a claim for occupational disease. The greater weight of the evidence fails to show that carpal tunnel syndrome is "characteristic" of plaintiff's job as a custodian. Further, the evidence presented fails to show that his employment increased his risk of developing carpal tunnel syndrome or that plaintiff's employment significantly contributed to the development of carpal tunnel syndrome. As plaintiff has not met his burden of proof, I disagree with the finding of the majority that plaintiff has suffered a compensable occupational disease.
Accordingly, I dissent.
This the ___ day of ___, 2007.
 S/______________________ BUCK LATTIMORE, CHAIRMAN